12-15-00181-CV

REC'D IN COURT OF APPEALS
12th Court of Appeals District

SEP 1 0 2015

TYLER TEXAS
PAM ESTES, CLERK

FILED IN COURT OF APPEALS
12th Court of Appeals District

SEP 1 0 2015

TYLER TEXAS
PAM ESTES, CLERK

~~CAUSE NO. 12-15-00081-CV~~

IN THE

12TH COURT OF APPEALS

TYLER, TEXAS  75702

Dixon v Roberts

Orginal proceedings from the

354th Judicial District Court

of Rains County , Texas

the Honorable Richard Beacom,  Presiding

Appellants Brief on the Merits

Robert L. Roberts
1260 RS County Rd 1310
Point, Texas 75472
903 816 1753

Pro Se Litigant

# IDENTITY OF PARTIES AND COUNSEL

Appellant/Plaintiff:
Robert L. Roberts

Counsel:
Robert L. Roberts
1260 RS County Rd
1310
Point, Texas, 75472
903 816 1753

Respodent:
The Honorable Richard Beacon
354th Judicial District Court
Emory, Rains County, Texas

Appellaee/Defendant:
Heather Dixon

Councel:
H. Craig Black
2510 Lee St
Greenville, Texas 75401

1

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.............................1

TABLE OF CONTENTS........................................2

TABLE OF ATHORITIES......................................3

STAEMENT OF THE CASE....................................4

ISSUES PRESENTED.........................................5

STATEMENT OF FACTS.......................................6

SUMMARY OF ARGUMENT....................................9

ARGUMENT................................................8

PRAYER..................................................10

# TABLE OF AUTHORITIES

Statutes

Texas Civil Practices and Remedies Codes

Section 12.002

## STATEMENT OF THE CASE

Heather Dixon filed for divorce from Edsel Dixon. She acuses Edsel Dixon and Robert L. Roberts of conspriring to defraud her by placing a mechanics lien ,on the house owned by Edsel and Heather Dixon, in the name of Robert L. Roberts.

## ISSUES PRESENTED

Did the trail court err in excluding critical evidence presented at trial?

Is there factually sufficent evidence to support the judgement of the trial

court?

## STATEMENT OF THE FACTS

In aproximately May of 2007, Edsal and Heather Dixon requested a loan from Robert L. Roberts, for the purpose of finshing the remodel and addition on their home. The amount requested was $30,000.00(thirty thousand dollars.) The loan was to be repaid upon secureing financing to purchase the house from her (Heather Dixon's) father.

The amount and terms were agreed on by all parties and the funds were disbursed.

Edsel Dixon presented a Mechanics Lien in the amount of $30,000.00(thirty thousand dollars) for Robert L. Roberts to sign. This was for the purpose of funds distrubution at closing . The lien was signed by Robert L. Roberts and filed in the county clerks office by Edsel Dixon.

When Edsel and Heather Dixon attempted to obtain financing for the purchase of the house, from her father, they were not able to qualify for an amount that would cover the mortgage on the house and the amount of the Mechanic's Lien.

Edsel and Heather Dixon requested that Robert L. Roberts release the lien so that they could purchase the house and obtain ownership of the property.

It was agreed that Robert L. Roberts was to reappy the Mecanic's Lien, at a

6

later date.

The date of repayment was not set, as it was to be paid when Edsel and Heather Dixon were in a positon to refinace the property and optain the funds to repay the note to Robert L. Roberts.

Edsel Dixon informed Robert L. Roberts that Heather Dixon had filed for a divorce and recommended that he, Robert L. Roberts, file the mechanics lien to protect his interest should the court order the property sold. At the time the lien was filed, the property was owned jointly by Edsel and Heather Dixon.

## SUMMARY OF THE ARGUMENT

The trial judge erred in failing to recognize the joint ownership of the property at the time of the filing of the lien. The property was jointly owed by Edsel Dixon and Heather Dixon. Therefore there could not have been a conspiracy between Robert L. Roberts and Edsel Dixon, Mr. dixon can not conspire against himself. Futher there could be no intent to cause Heather Dixon to suffer any physical injury, financial injury, or mental anguish or emotional distress.

# ARGUMENT

During the course of the trial there was testamony given that validated that the debt was owed and all parties were aware and in agreement prior filing of the divorce. There was also testimony given, that was in direct conflict with that of Heather Dixon.

A conspiracy was alleged between Edsel Dixon and Robert L. Roberts against Heather Dixon, with the filing of the lien. At the time of the filing the property belonged to both Edsel Dixon and Heather Dixon. She did not have sole ownership. This fact makes the alligation of a conspiracy null and void, since Edsel Dixon was also liable for the amount of the lien and a person can not conspire against oneself.

The court made the judgement in favor of Heather Dixon based on a liablity under Section 12.002 of the Texas Civil Practices and Remedies Code. Because Heather Dixon was not the sole owner of the property at the time of the filing, this section of the code does not apply.

Further the court declared the lien null and void and invalid based on the format of it being issued for a cash investment. Based on this logic the origin lien would also be null and void as well as any release associated with it.

## PRAYER

Appellant, Robert L. Roberts, respectfully, for the reasons above request the court reverse the the judement of the trail court and grant him the full sum of the original loan amount of $30. 000.00. In addition, due to the extreme mental, emotional and psychological distressed caused by this action, he request the court to award him $50,000.00 in damages.

## CERTIFICATE OF SERVICE

The undersigned council certifies that this brief has been served on the following lead council for all parties to the trial court's order or judgment as follows

Robert L. Roberts
Pro se

Date served    9-08-2015

Manner served    US Mail

H Black

2510 Lee St

Greenville , TX 75701

Repesenting  Heather Dixon